No. 6062.

THE STATE vs. HENRY FASSMAN.

A suit instituted against a deceased person as if he were alive, and a judgment rendered therein entail no legal effects. The whole proceedings are absolutely null.

APPEAL from the Superior District Court of New Orleans. HAWKINS, J.

*J. C. Egan,* Assistant Attorney-General for the State. *Merrick, Race & Foster* for Cooper, Appellant.

Henry Fassman died in 1876. Four years after, the State sued him for the taxes of 1869 and 1870, and two judgments were rendered against him for $1,812.50 with five per cent as attorney's fees, and

Succession of Dichary.

twenty per cent as damages. The citations were addressed to the dead man. Notice of one of the judgments was served on his executor. Eight years after Fassman's death executions issued, and at a time when the sheriff had in his hands the proceeds of sale of the decedent's real estate, made to satisfy a mortgage of A. W. Cooper.

The assistant attorney-general then took a rule against the sheriff in each of the tax cases to shew cause why he should not pay the two judgments with penalties, etc., and this rule was made absolute, and Cooper appealed.

De Blanc, J. The assistant attorney general contends: —

1. That a suit may be continued after the death of a party by mere service on the legal representative. That is not disputed; a suit commenced before, may be continued after the death: in this case, the suit was filed several years after the death of Fassman, filed against him and not against his legal representative.

2. The nullity of a judgment should be demanded in a direct action and from the court by which it was rendered. That is not disputed; but here, there is nothing to annul, the instruments relied upon by the State have the form, but not the substance of judgment: they were, apparently at least, rendered without citation, without that indisputable evidence — the tax receipt on the assessment roll, rendered against a dead man and for taxes levied after his death.

3. Judicial proceedings are presumed to be regular until the contrary be shown. That is not disputed, but that presumption is not broad enough to hide the deformity of the assailed proceedings. A petition, citation, judgment, notice of that judgment, and its execution against a dead man, by his name, are absolute nullities. 24 A. 252.

*Judgment reversed.*